IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMIE MENARDE

           Plaintiff

   v.

TRI-STATE PROFESSIONAL, RAFAEL A. MORALES,
DANIEL DADINO, and MANISH GOEL

           Defendants/ Third Party Plaintiffs
   v.

MEGAN PAJOLLARI and VYAS STUTI

           Third Party Defendants

CIVIL ACTION NO.
16-05560

**Henry S. Perkin, M.J.**                                            June 13, 2017

## **MEMORANDUM**

This matter is before the Court on Defendants' Motion to Dismiss Recklessness in Plaintiff's Complaint, which motion was filed by Defendants, Rafael Morales and Tri-State Professional, on May 4, 2017. The Answer on Behalf of Plaintiff, Jaime Menarde to Defendant GEICO's [sic] Motion to Dismiss Count II of Plaintiff's Complaint[1] was filed on May 8, 2017. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

---

[1] It appears to this Court that Plaintiff's response is incorrectly titled. The motion to dismiss seeks only to strike any allegations of "recklessness" contained in Plaintiff's Complaint. In fact, we note that Plaintiff's Complaint only contains one count. Although the response is incorrectly titled, it appropriately addresses Defendant's argument concerning dismissal of recklessness allegations.

## Procedural History

Plaintiff, Jamie Menarde, initiated this matter by filing a Complaint on October 24, 2016 in the United States District Court for the Eastern District of Pennsylvania. Plaintiff alleges that she was a motor vehicle operator involved in a multiple vehicle chain-type rear end collision. Plaintiff avers that the collision was caused by the carelessness, recklessness and negligence of multiple defendants including Tri-State Professional, Rafael A. Morales, Daniel Dadino, D.L. Peterson Trust, and Manish Goel. Plaintiff seeks damages for injuries sustained and medical expenses in a sum in excess of seventy five thousand dollars ($75,000.00). Plaintiff also seeks punitive damages.

## Facts

According to the Complaint, the pertinent facts to this Court's determination are as follows:

Plaintiff, Jamie Menarde, was involved in a multiple vehicle rear end collision on or about January 4, 2016 at approximately 5:00 p.m., on Pennsylvania Turnpike (I-276) Eastbound, Milepost 338-339, Upper Dublin, Pennsylvania. Plaintiff alleges that multiple defendants, including Tri-State Professional, Rafael A. Morales, Daniel Dadino, D.L. Peterson Trust, and Manish Goel, acted recklessly, carelessly, and negligently resulting in the multiple vehicle collision.

Specifically, Plaintiff alleges in Paragraph 10 (a)-(h) of her Complaint that Defendants: operated their motor vehicle at a high and excessive rate of speed; failed to have proper and adequate control of their vehicles; failed to maintain a proper lookout; failed to take evasive action to avoid impact; failed to drive at a rate of speed and in a manner that could allow their vehicles to stop within the assured clear distance ahead; failed to have due regard for the point and position of Plaintiff's vehicle; violated pertinent statutes and ordinances; and otherwise

failed to exercise due care under the circumstances. See Plaintiff's Complaint, Count I at ¶10 (a)-(h). Plaintiff avers that she suffered serious injury about her head, body and extremities, and has continued to suffer physical pain and mental anguish, preventing her from attending usual activities, duties, and occupation. See Plaintiff's Complaint, Count I at ¶11. Plaintiff is seeking damages for harm suffered, including medical expenses and punitive damages. Defendants, Rafael Morales and Tri-State Professional, move under Rule 12(b)(6) to dismiss the allegations of recklessness in Plaintiff's complaint.

**Standard of Review**

On a motion to dismiss for failure to state a claim, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing Papasan v. Allain, 478 U.S. 265, 268, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Only a complaint that states a plausible claim for relief

survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In this matter, Defendants' motion to dismiss is directed towards the allegations of recklessness in Plaintiff's complaint. An allegation of recklessness allows for recovery of punitive damages. Punitive damages under Pennsylvania law require that a plaintiff demonstrate that the defendant acted outrageously due to either "evil motive or reckless indifference to the rights of others." Taylor v. Lemus, No. 16-5407, 2017 U.S. Dist. LEXIS 34408, at *4 (E.D. Pa., March 9, 2017). Recklessness is defined as conduct that creates an unreasonable risk of physical harm to another, acknowledgement of that risk of harm, and continuing in the action that results in the harm of another. Id.

**Discussion**

Defendants' memorandum attached to their motion to dismiss suggested that Plaintiff failed to accurately state the grounds for her recklessness claim.[2] As Defendants correctly note, Plaintiff is required to plead that they acted in an outrageous manner in order to seek punitive damages.

As noted by my colleague, the Honorable Lawrence F. Stengel, "[d]etermining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Furthermore, a complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Ashcroft, 556 U.S. at 679; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts

---

[2] Defendants' Memorandum of Law in Support of Motion to Dismiss to Plaintiff's Complaint was filed simultaneously with the motion on May 4, 2017.

suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555))." Taylor v. Lemus, No. 16-5407, 2017 U.S. Dist. LEXIS 34408, at *2-3 (E.D. Pa., March 9, 2017).

We conclude that the Plaintiff has sufficiently established a plausible claim for relief. Accepting the allegations in the Complaint as true, Plaintiff plausibly pleads a claim for recklessness. Plaintiff alleges that Defendants violated pertinent statutes and ordinances; and operated their motor vehicles at a high and excessive rate of speed. Plaintiff avers that her vehicle was first in line, and was struck in the rear several times after traffic came to a stop in front of her vehicle. See Plaintiff's Complaint Count 1 at ¶10 (a)-(h). At this time, it can be reasonably inferred that Plaintiff's injuries were caused by the potentially reckless conduct of the Defendants.[3]

## **Conclusion**

Defendant's motion to dismiss is DENIED.

---

[3] Taylor v. Lemus, No. 16-5407, 2017 U.S. Dist. LEXIS 34408, at *5 n.2 (E.D. Pa., March 9, 2017) (J. Stengel) (stating that after discovery a claim for reckless conduct may be unsupported by evidence, at which point would be subject to a motion to strike or a motion for partial summary judgment).